IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CHRISTIAN VALDEZ, | ) | 8:15CV391 |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ED LESTER, et al., | ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff Christian Valdez's Complaint. *See* 28 U.S.C. § 1915(e)(2). For the reasons discussed below, the court will dismiss Valdez's Complaint without prejudice.

## I. SUMMARY OF COMPLAINT

Valdez filed this action against Ed Lester and Jerome McCarthy, two Butte, Montana, law enforcement officers. In addition, he filed this action against Kara Richardson, Sara Crowson, and Shelley Emerson, three employees of the Department of Family Services in Butte, Montana. Finally, he filed this action against Brandon Dellasara of "Aware Inc." (Filing No. 1-1 at CM/ECF p. 1.)

Valdez alleged state or local officials removed his son from his care and custody on November 20, 2014. He described the events leading up to this incident as follows:

> On the night of November 20, 2014, I set out a voice activated recorder because I had a bad feeling that something was going to happen. Around 3am I fell asleep in a chair in my living room. Before falling asleep I created a gas mixture using bleach and ammonia and I placed it in my basement. I was afraid that something was going to happen to myself or my son who was also in the home asleep at the time. The reasoning behind using the gas mixture was that I had break-ins before and when

> I went to local law enforcement to get help, I was denied and turned away and told that I was hallucinating. . . . I woke up around 5:30 am[,] . . . check[ed] the recording to see if anything had happened and there were voices of multiple men on their [sic] talking about killing me for money[.]"

(Filing No. 1-1 at CM/ECF p. 2.)

Valdez reported these incidents to the police, but they claimed not to hear the voices on the recording. They removed Valdez's son from his home and they are now in the process of terminating Valdez's parental rights. (Filing No. 1-1 at CM/ECF pp. 3-4.)

At some point after November 20, 2014, Valdez played the audio recording for Defendants Lester and McCarthy, but they both claimed they could hear only Valdez's voice. (Filing No. 1-1 at CM/ECF pp. 3-4.) In addition, at some point following this incident, Valdez moved to Nebraska. He attempted to remain in contact with the Department of Family Services, but complains Defendants Crowson and Richardson "barely" returned his calls. (Filing No. 1 at CM/ECF p. 4.)

For relief in this matter, Valdez asks the court to order his son returned to him. (Filing No. 1 at CM/ECF p. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Valdez's Complaint is deficient in three respects. First he does not state any discernible cause of action against any of the named defendants. He alleged Lester and McCarthy did not hear voices on the audio recording when Valdez played it for them, and that Crowson and Richardson "barely" returned his telephone calls. The court cannot infer from these allegations that these defendants are liable for any misconduct.

Second, this action is subject to dismissal under the domestic relations exception to federal court jurisdiction. Valdez asks that this court order the defendants to return Valdez's son to him. However, it is well-settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890). Although this domestic relations exception to federal jurisdiction

does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Here, the substance of Valdez's claims concern state law domestic relations matters. This is particularly so where it is clear from Plaintiff's allegations and filings that his son's care and custody is the subject of a juvenile court case in Montana. Montana's state courts would be better equipped to handle the issues that have arisen in the course of the juvenile court proceedings in Montana. *See Overman v. U.S.*, 563 F.2d 1287,1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. . . . Such cases touch state law and policy in a deep and sensitive manner and as a matter of policy and comity, these local problems should be decided in state courts.") (internal quotations omitted).

Third, even if the court did not lack jurisdiction based on the domestic relations exception, the court would abstain from hearing Valdez's claims under the abstention doctrine set out by the Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.")

Here, each of the three *Younger* conditions is satisfied. First, the state proceedings in Montana are apparently ongoing. Second, disputes concerning the care and custody of minors implicate important state interests. Third, while Valdez has not alleged that his civil rights have been violated, there is no indication that the state

courts could not afford Valdez the opportunity for judicial review of any civil rights challenges.

IT IS THEREFORE ORDERED that: This case is dismissed without prejudice. The court will enter judgment by a separate document. Valdez's Motion for Leave to Proceed in Forma Pauperis (Filing No. 2) is denied as moot.

DATED this 29th day of February, 2015.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge